# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-21226-RAR

DR. EDWIN A. HERNANDEZ,
And EGLA CORP.,

JURY TRIAL DEMANDED

*Plaintiffs,*

v.

STINGRAY GROUP INC. f/k/a STINGRAY
DIGITAL GROUP, INC. STINGRAY MUSIC
USA, INC., MOOD MEDIA LLC f/k/a MOOD
MEDIA      CORPORATION,      AT&T
ENTERPRISES, LLC f/k/a AT&T CORP.,
MILLICOM   INTERNATIONAL   SERVICES,
LLC, BLUE STREAM COMMUNICATIONS,
LLC dba BLUE STREAM FIBER

*Defendants.*

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Dr. Edwin A. Hernandez and EGLA Corp. ("Plaintiffs") and

Defendants Stingray Group Inc., Stingray Music USA, Inc., Mood Media LLC, AT&T Enterprises,

LLC, Millicom International Services, and Blue Stream Communications LLC dba Blue Stream

Fiber (collectively "Defendants") hereafter referred to as "the Parties," believe that certain

information that is or will be encompassed by discovery demands by the Parties involves the

production or disclosure of trade secrets, confidential business information, or other proprietary

information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with

Federal Rule of Civil Procedure 26(c):

73060875v1

1

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party[1] may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material, or in the case of a native file, in the file name, as follows: "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (the "Designation") The Designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the Designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" under this Order.

2.      Any document produced before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" under this Order,

---

[1] In addition to the named plaintiff(s) and defendant(s) to this lawsuit, "Party" and "Parties" also refers to Third Parties (defined below) pursuant to paragraphs 22 and 23 of this Order.

unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" (collectively, "DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) expert reports, and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    To the extent that any one of the Defendants, or any party who intervenes in this litigation, provides DESIGNATED MATERIAL under the terms of this Order to Plaintiffs, Plaintiffs shall not share that material with any other Defendant or future intervenor in this litigation absent express written permission from the Producing Party. This Order does not confer any right to any one Defendant or future intervenor to access the DESIGNATED MATERIAL of any other Defendant or future intervenor.

5.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

---

[2] The term DESIGNATED MATERIAL is used throughout this Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

6.   "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, or upon order of the Court:

(a)   outside counsel of record in this Action for the Parties;

(b)   employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)   in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, except that in-house counsel for a Defendant or any intervenors shall not have access to the information or materials of any other Defendant or intervenor;

(d)   a designated representative of each Party to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent; for Plaintiffs the designated representative is Dr. Edwin Hernandez;

(e)     outside consultants or experts[3] and their staff (i.e., not existing employees, officers, shareholders or affiliates of either a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) and the Receiving Party and outside expert or consultant has complied with Paragraph 7 of this Order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, independent legal translating services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(h)     the author or owner of such information, to the extent the author or owner is identified as an author or owner on the material to be disclosed or identified by the Producing Party as an author or owner of the material to be disclosed; and

(i)     the Court and its personnel.

7.   **Procedure for Disclosing Protected Material to Experts and Consultants.** Prior to disclosure of Protected Material to any outside consultant or expert including their administrative and clerical staff whose duties and responsibilities require access to such materials to be authorized under Paragraph 6(e) of this Order, the consultant or expert must execute the Undertaking attached as Appendix A to this Order and the Receiving Party must serve on the Producing Party a copy of the Undertaking, a current copy of the expert or consultant's CV, and a list of the expert or consultant's testifying and consulting work[4]

---

[3] An outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analyses shall count as disclosure to a single consultant or expert.

[4] To the extent the consulting work was a confidential engagement, the expert many anonymize this disclosure while still providing enough detail for the Producing Party to evaluate a direct conflict.

for the preceding 5 years (to the extent not included in the CV) ("Notice") at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. The Producing Party may object in writing to the disclosure within ten (10) days. At the expiration of the ten (10) days, if no written objection is made, then the outside consultant or expert and their staff may access DESIGNATED MATERIAL. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fourteen (14) days of the Notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. This disclosure and objection procedure applies to each Producing Party separately. No disclosure of DESIGNATED MATERIAL may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

8. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential, commercially sensitive, or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

9. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10. To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), or substantively relates to a Party's Source Code Material, which for clarity shall include but is not limited to documents containing confidential, proprietary and/or trade secret source code, including computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL), Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and/or live data (that is, data as it exists residing in a database or databases that is specifically related to source code and not financial or other data), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

11. For Protected Material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals

listed in paragraphs 6(a-b) and (e-i).

12. For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE,

   the following additional restrictions apply:

   (a)   Access to a Party's Source Code Material shall be limited to the offices of the Producing Party's outside counsel or at a mutually agreed-upon location in the U.S.

   (b)   Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet), that is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it ("Source Code Computer").

   (c)   The Source Code Computer(s) may be capable of storing .pdf copies of Source Code material to the desktop solely for the limited purpose of production pursuant to paragraphs 12(m). Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer.

   (d)   The Source Code Computer(s) will be made available for inspection until at least the close of expert discovery in this Action (and after for good cause) during normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time, on business days (i.e. weekdays that are not Federal or local holidays). However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

   (e)   Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide twenty-one (21) business days' notice of the Source Code Material that it wishes to inspect, but the Receiving Party will work in good faith to provide earlier notice. Thereafter, the Receiving Party shall provide three (3) business days' notice prior to any additional inspection. In the event a Receiving Party intends to continue its review to the next business day, it shall provide written notice by 1:00 p.m. (local time at the review location). A list of names of persons who will view the Source Code Material will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the rooms to view the Source Code and when they enter and depart. The Producing

Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and a copy of the log upon request.

(f)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(g)     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above and include review tools requested by the Receiving Party unless objected to by the Producing Party. If these tools require a license which is not previously held by the Producing Party, the Receiving Party shall, at its own expense, provide the Producing Party with the licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tool(s) available for use on the Source Code Computers(s). The Parties shall promptly meet and confer as to any objection the Producing Party may have to the installation of such software.

(h)     Access to Protected Material designated RESTRICTED CONFIDENTIAL - SOURCE CODE shall be limited to outside counsel and the consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials.

(i)     A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, subject to the limitations of Footnote 5, below, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. In no case shall any information designated as RESTRICTED CONFIDENTIAL – SOURCE CODE by a Defendant or intervenor be provided to any other Defendant or intervenor by any Party or counsel absent explicit agreement from the Producing Party.

(j)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;.

(k)     Except as set forth in paragraph 12(m) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures

and orders, must be filed or served electronically.[5] The Receiving Party shall only make additional paper copies of selected excerpts of Source Code if such additional copies are reasonably necessary for any filing with the Court or service of any pleading or other paper on any Party. For making paper copies of selected excerpts of Source Code for any other purpose, the Receiving Party shall request permission from the Producing Party to make any paper copies.

(l)     The Receiving Party shall be permitted to request that each Producing Party make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The Producing Party will comply with all such requests for printouts within five (5) business days of the request, and the Receiving Party shall maintain a log of all such files that are printed or photocopied. In no event may the Receiving Party print any continuous block of Source Code that results in more than five (5) printed pages(unless more pages are necessary to show a complete function or routine or comments), or an aggregate total of more than five-hundred (500) pages, for each Producing Party's Source Code, during the duration of the case without prior written approval by the Producing Party, and the Producing Party shall not unreasonably withhold or delay such approval. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this Action. At the Receiving Party's request, up to two (2) additional sets (or subsets) of printed Source Code may be requested, and the Producing Party shall provide the additional sets by overnight mail or other mutually agreed method within five (5) business days after receiving the request.

(m)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

---

[5] For clarification, a party may identify source code file names, function names, and variable names in notes. To the extent a party feels the need to include an excerpt(s) of Source Code in expert reports and/or infringement contentions for a claim element(s), it shall be required to identify the relevant source code as specifically as possible in the expert reports and/or infringement contentions, and in no event shall any source code excerpt be more than 15 contiguous lines of code, unless such section of code concerns a function or routine that is longer than 15 lines. A Receiving Party may prepare and serve such expert reports and infringement contentions electronically.

(n)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 12(h) above to another person authorized under paragraph 12(h) above, on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material otherwise may be transported electronically only for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 12(k) above and is at all times subject to the transport restrictions set forth herein.

(o)     Any outside expert or consultant retained on behalf of a Receiving Party who is to be given access to a Producing Party's Source Code Computer must agree in writing not to perform software development work directly or indirectly intended for commercial purposes related to any functionality covered by the Source Code reviewed by such expert or consultant until issuance of a final, non-appealable decision resolving all issues in the case. This shall not preclude such experts or consultants from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly for commercial purposes related to functionality covered by the Source Code reviewed by such expert or consultant.  For the avoidance of doubt, to the extent the Source Code incorporates open source software, the incorporation of such open source software by the Source Code would not prevent any outside expert or consultant from working on software development that also involves the open source software but is otherwise unrelated to functionality of the Producing Party's Source Code.

13. **Patent Prosecution Bar.** Absent the written consent of the Producing Party, no individual, including without limitation any technical advisor of any Party, who receives access to a Producing Party's Protected Material shall, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of any Party other than the Producing Party or engage in any Prosecution Activity involving claims on a method, apparatus, or system pertaining to the field of the invention of the patents-in-suit. For clarity, this prosecution bar does not apply to bar a person whose only access to a Producing Party's Protected Material comes from the Producing Party's disclosure of such information during a deposition, trial or at a hearing in this matter.

(a)     For clarity and the avoidance of doubt, in-house or outside counsel of any Party in

this Action who receive only non-technical CONFIDENTIAL information or non-technical RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY information are not subject to this Prosecution Bar, unless such information is received through a violation of this Order.

(b) Prosecution Activity shall mean any activity related to 1) the preparation or prosecution (for any person or entity) of patent applications relating to a method, apparatus, or system pertaining to the field of the invention of the patents-in-suit or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims (including during reexamination), or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application, or reissue application before any domestic or foreign patent office; and/or 2) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of a method, apparatus, or system pertaining to the field of the invention of the patents-in-suit.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with

his/her client.

(c) For the avoidance of doubt, the patent prosecution bar shall not be deemed to preclude persons, including outside counsel, who have received Producing Party's Protected Material, from participating directly or indirectly in post grant proceedings (*e.g.,* post grant reviews and *inter partes* reviews) relating to the patents-in-suit, or of any patent that claims priority, in whole or part, to the patent-in-suit, provided that such persons do not draft or amend patent claims or specifications or assist with, or supervise such activities.

14. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. The production or disclosure of documents, information, or other material by any Party or third-party in connection with this proceeding is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the litigation pending before this Court, and shall not serve as a waiver in any other federal or state proceeding. *See* Fed. R. Evid. 502(d). Any Party that produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material pursuant to any discovery order entered in this case. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work

product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall promptly return, sequester, or destroy the inadvertently or unintentionally produced documents, information or other material and any copies it has; must not use or disclose the inadvertently or unintentionally produced documents, information or other material until any claim of privilege or immunity is resolved; must take reasonable steps to retrieve the inadvertently or unintentionally produced documents, information or other material if the recipient disclosed it before being notified; and may promptly present the inadvertently or unintentionally produced documents, information or other material to the court under seal for a determination of any claim of privilege or immunity.  The Producing Party must preserve the inadvertently or unintentionally produced documents, information or other material until such claim is resolved.  The Producing Party shall also promptly provide a redacted version of the inadvertently produced document redacting any part of the document that the Producing Party contends is privileged.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to

73060875v1

have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party (subject to paragraph 11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED -- OUTSIDE ATTORNEYS' EYES ONLY.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the

legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and/or conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. In the event a Party receiving DESIGNATED MATERIAL in this litigation has previously obtained a copy of that DESIGNATED MATERIAL from Trello.com or from a similar publicly available source used by the Producing Party to host or maintain such

73060875v1

information, the Receiving Party may request that the Producing Party redesignate that DESIGNATED MATERIAL to CONFIDENTIAL by identifying: (a) the DESIGNATED MATERIAL by Bates Number, and (b) the corresponding copy obtained from Trello.com or the similar publicly available source.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. The Producing Party will, in good faith, make an effort to initially designate as CONFIDENTIAL such documents of which it is aware were publicly available from Trello.com or other public sources.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents,

information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

25. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall be destroyed. The Receiving Party shall verify the destruction by affidavit furnished to the Producing Party, upon the Producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This

73060875v1

provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a Receiving Party's business operations.

26. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof; all such objections being hereby preserved.

27. Any Party (including any Third Party that has produced DESIGNATED MATERIAL) knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29. Nothing in this Order shall be construed to affect an abrogation, waiver or limitation of
any kind on the rights of each of the Parties to assert any applicable discovery or trial
privilege.

30. No Defendant or future intervenor is required to produce its DESIGNATED MATERIAL
to any other Defendant or future intervenor, or to any other Defendant's or future
intervenor's counsel, but nothing in this Order shall preclude such production.
Notwithstanding the provisions of this Order, Plaintiffs shall not disclose one Defendant's
or future intervenor's DESIGNATED MATERIAL to any other Defendant or future
intervenor through Court filings, oral argument in Court, expert reports, deposition,
discovery requests, discovery responses, or any other means, except upon compliance with
Paragraph 4.

31. The Parties agree to meet and confer prior to the pretrial conference to negotiate a proposal
for treatment of Protected Material at trial to be submitted for approval by the Court.
Absent agreement otherwise, a Party shall provide a minimum of two business days' notice
to the Producing Party in the event that a Party intends to use any Protected Material during
trial.  In addition, the Parties will not oppose any request by the Producing Party that the
courtroom should be sealed, if allowed by the Court, during the presentation of any
testimony relating to or involving the use of any Protected Material.

32. In the event of any disclosure of DESIGNATED MATERIAL other than in a manner
authorized by this Order, including any unintentional or inadvertent disclosure, the Party
responsible for having made such disclosure, and each Party with knowledge thereof, shall
immediately notify counsel for the Producing Party and provide to such counsel all known
relevant information concerning the nature and circumstances of the disclosure. The

73060875v1

20

responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court. Unauthorized or inadvertent disclosure does not change the status of DESIGNATED MATERIAL or waive the right to hold the disclosed document or information as Protected Material.

33. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

34. This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

35. If at any time DESIGNATED MATERIAL in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to object to the production of such documents or

73060875v1

materials. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials. If a Producing Party or nonparty does not take steps to prevent disclosure of such documents or materials within ten (10) business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents or materials treated in accordance with terms of this Order.

36. This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence. Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this Action based in whole or in part upon DESIGNATED MATERIAL, provided counsel does not disclose the DESIGNATED MATERIAL itself except as provided in this Order.

37. The United States District Court for the Southern District of Florida is responsible for the interpretation and enforcement of this Order. After termination of this litigation, the provisions of this Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the DESIGNATED MATERIAL for enforcement of the provision of this Order following termination of this litigation. All disputes concerning DESIGNATED MATERIAL produced under the protection of this Order shall be resolved by the United States District Court for the Southern District of Florida. In the event anyone shall violate or threaten to violate the

terms of this Order, the aggrieved Designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order.

38. This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control

39. **Information Designated "PROTECTED PERSONAL DATA."** For purposes of this Order, "PROTECTED PERSONAL DATA" shall refer to any information relating to an identified or identifiable natural person, that a party or non-party believes in good faith to be subject to European Union data protection laws, including but not limited to Regulation (EU) 2016/679 of the European Parliament and of the Council (the "GDPR").

40. All Protected Personal Data produced or generated in this case shall be used solely for the prosecution or defense (including any appeal therefrom) of this litigation, and shall not be used for any other purpose. Protected Personal Data shall be processed in accordance with applicable data protection laws, such as the GDPR.

41. The Producing Party may redact PROTECTED PERSONAL DATA: (a) if the PROTECTED PERSONAL DATA is not responsive to the Receiving Party's discovery request, (b) if the parties have agreed that the Producing Party need not produce this Protected Personal Data, or (c) if the Protected Personal Data is, by its nature, particularly sensitive or relates to criminal convictions and offences, unless the disclosure of such Protected Personal Data is strictly relevant to this litigation.

42. The Receiving Party may only disclose PROTECTED PERSONAL DATA to the persons

or entities listed in Paragraph 6, provided that only the limited PROTECTED PERSONAL DATA which is necessary to be disclosed is actually disclosed.

43. If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed PROTECTED PERSONAL DATA to any person not authorized herein, the Receiving Party must without undue delay and not later than within 48 hours notify the disclosing party of the unauthorized disclosure.

44. If the disclosure of PROTECTED PERSONAL DATA to the Receiving Party leads to a transfer of personal data from a country in the EU/EEA to a country outside the EU/EEA, the Producing Party and the Receiving Party (and any additional party receiving PROTECTED PERSONAL DATA) shall enter into the standard contractual clauses for the transfer of personal data to third countries pursuant to Regulation (EU) 2016/679 of the European Parliament and of the Council adopted by the EU Commission on 4 June 2021 (Module One: Transfer controller to controller) (implementing decision (EU) 2021/914), prior to any disclosure, in which case the Receiving Party must at all times handle the Protected Personal Data in compliance with the terms of such standard contractual clauses.

45. No Party may remove, or cause to be removed, DESIGNATED MATERIAL produced by another Party from the territorial boundaries of the United States of America, except as permitted by ¶ 6(c)-(d) above with respect to material designated CONFIDENTIAL. Without limitation, this prohibition extends to DESIGNATED MATERIAL (including copies) in physical and electronic form. The viewing of DESIGNATED MATERIAL through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, DESIGNATED MATERIAL,

exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: <u>March 21, 2025</u>          /s/ *Gregory S. Cordrey*
Gregory S. Cordrey
JEFFER MANGELS BUTLER & MITCHELL LLP | JMBM
*Counsel for Plaintiffs Dr. Edwin A.*
*Hernandez, and EGLA Corp.*

DATED: <u>March 21, 2025</u>          */s/ Demetrios Anaipakos*
Demetrios Anaipakos
**ALAVI & ANAIPAKOS PLLC**
*Counsel for Defendants Stingray Music USA, Inc.,*
*Stingray Digital Group, Inc., Millicom International*
*Services, LLC, and Blue Stream Communications,*
*LLC*

DATED: <u>March 21, 2025</u>          */s/ Jonathan Tuminaro*
Jonathan Tuminaro
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
*Counsel for Defendant Mood Media, LLC*

DATED: <u>March 21, 2025</u>          */s/ Alice E. Snedeker*
Alice E. Snedeker
**DUANE MORRIS LLP**
*Counsel for Defendant AT&T Enterprises, LLC*
*f/k/a AT&T Corp.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:_____          _____
                                        Judge Rodolfo Armando Ruiz II
                                        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-21226-RAR

DR. EDWIN A. HERNANDEZ,
And EGLA CORP.,

JURY TRIAL DEMANDED

     *Plaintiffs,*

v.

STINGRAY GROUP INC. f/k/a STINGRAY
DIGITAL GROUP, INC. STINGRAY MUSIC
USA, INC., MOOD MEDIA LLC f/k/a MOOD
MEDIA     CORPORATION,     AT&T
ENTERPRISES, LLC f/k/a AT&T CORP.,
MILLICOM  INTERNATIONAL  SERVICES,
LLC, BLUE STREAM COMMUNICATIONS,
LLC dba BLUE STREAM FIBER

     *Defendants.*

## APPENDIX A
### UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL,"

"RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.     Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

73060875v1