UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21226-RAR

**EDWIN A. HERNANDEZ**, *et al.*,

    Plaintiffs,

v.

**STINGRAY GROUP INC.**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Edwin A. Torres's Report and Recommendation, [ECF No. 197] ("Report"), entered on March 4, 2025. The Report recommends that the Court grant in part and deny in part Defendants' Motion to Dismiss, [ECF No. 148]. Defendants filed several objections to the Report on March 11, 2025. *See* [ECF No. 204] (objections from Defendant Mood Media Corporation); [ECF No. 205] (objections from Defendants Stingray Group, Inc. and Stingray Music USA, Inc.); [ECF No. 206] (objections from Defendants AT&T Enterprises, Millicom International Services, LLC, and Blue Stream Communications, LLC, d/b/a Blue Stream Fiber). Plaintiff filed a response to Defendants' Objections on March 18, 2025, [ECF No. 208].

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Edwin A. Torres's legal and factual findings.

Defendant Mood Media raises three objections to Magistrate Judge Torres's findings, but none are persuasive.  Mood Media centers its objections on the plain language of its Mutual Release with Plaintiffs and alleges that its terms show that "Plaintiffs agreed to a broad release of any and all claims against Mood Media."  [ECF No. 204] at 1.  But though Mood Media asserts that "the intent of the parties is clear," *id.* at 11, Plaintiffs disagree, contending that the release concerns only a narrow set of claims.  Rep. at 20.  As Magistrate Judge Torres correctly notes, the disagreement between the parties presents issues of material fact over the terms, effect, and enforceability of a contract.  These are "fact-laden issues that cannot be summarily adjudicated on the face of the operative complaint," *id.*, and the Court declines to resolve this issue on a motion to dismiss.

Mood Media's legal objection that Plaintiffs cannot rely on alleged representations or omissions by Mood Media during the settlement negotiations that led to the Mutual Release is similarly misplaced, because Mood Media again misunderstands the procedural posture of this suit.  As a legal matter, "Florida . . . prohibit[s] a contractual waiver that exculpates a contracting party's fraudulent misconduct."  *Viridis Corp. v. TCA Glob. Credit Master Fund LP*, 721 F. App'x 865, 875 (11th Cir. 2018).  Taking Plaintiffs' allegations as true, Plaintiffs bring a well-pleaded case that the underlying terms of the contractual waiver were fraudulently induced in violation of Florida law.  While facts produced in discovery may counter Plaintiffs' allegations, there is no basis to summarily dismiss portions of Plaintiffs' complaint at this stage, as the Report correctly notes.  Rep. at 20–21.

Further, because the terms and scope of the Mutual Release are in dispute, the Court rejects Mood Media's third objection that suggests that the Mutual Release was a "general release" that operates as an affirmative defense to bar Plaintiff's claims outright.  [ECF No. 204] at 14–15; *see*

Rep. at 21–22 (collecting cases showing that affirmative defenses concerning the underlying facts relating to a contract are generally not susceptible to summary adjudication as a matter of law "where allegations are made that material information was not disclosed to releasing parties or where fraud tainted the enforceability of the release."). The Court accordingly overrules Mood Media's objections, because they wholly dispute material facts relating to the terms of the Mutual Release in a manner that would be inappropriate to resolve on a motion to dismiss.

Defendants AT&T Enterprises, LLC, Millicom International Services, LLC, and Blue Stream Communications, LLC raise an objection that challenges the legal sufficiency of Plaintiffs' allegation that these Defendants infringed Plaintiffs' '074 Patent. Defendants' argument that they are "merely 'end users'" and therefore not proper party defendants lacks sufficient legal or factual support. [ECF No. 206] at 3. As the Report correctly notes, there is a well-established legal principle "that patent infringement liability can stem from 'use' alone." Rep. at 31 (collecting cases). Because these Defendants have not met their burden to rebut Plaintiffs' well-substantiated claim that they engaged in patent infringement "through their use of the infringing platform," *id.*, the Court overrules their objection.

Defendants Stingray Group, Inc. and Stingray Music USA, Inc. ("Stingray Defendants") raise two objections to the Report's findings on Defendants' statute of limitations and preemption defenses. Neither objection is persuasive. The Court adopts the Report's well-reasoned decision not to time-bar Plaintiffs' claims, because this circuit has made clear that dismissal on tolling grounds is appropriate "'only if it is apparent from the face of the complaint that the claim is time-barred' and 'only if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute.'" Rep. at 14 (*quoting Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) (citation omitted)); *see also id.* at 14–16 (collecting cases). The Court also adopts the Report's

thorough explanation that the Florida Uniform Trade Secrets Act ("FUTSA") does not preempt Plaintiffs' unjust enrichment, fraud, and FDUTPA claims, because the material facts underlying the non-trade secret claims are distinct from the FUTSA claims. [ECF No. 197] at 23–28.

The Stingray Defendants also raise two objections to the Report's recommendation that Defendant's Motion to Dismiss Plaintiffs' FDUTPA claims be denied but that Defendants' Motion to Dismiss Plaintiff's fraud claims be granted. The Stingray Defendants contend that Plaintiffs' FDUTPA claim is barred by the independent tort doctrine. But though the independent tort doctrine would apply if Plaintiffs' FDUTPA claim was wholly duplicative of its breach of contract claim, Plaintiffs allege that Defendants "harmed consumers of streaming music services to pay more for such services *because of the lack of competition from others*, such as Plaintiffs." Rep. at 43–44 (quoting [ECF No. 82] at ¶ 216). This allegation, as the Report concludes, is sufficient to overcome a motion to dismiss, and Defendants' objection is accordingly overruled.

The Report does recommend that Plaintiffs' fraud claim (Count VIII) be dismissed without prejudice. Rep. at 38–42. The Stingray Defendants contend that the independent tort doctrine bars Plaintiffs' fraud claim outright and thus dictates a dismissal with prejudice—but the caselaw the Stingray Defendants proffer in support of this proposition relates to the use of the independent tort doctrine at the summary judgment stage, after full fact development. *See* [ECF No. 205] at 19–20 (citing *Sun Life Assurance Co. of Canada v. Imperial Premium Fin., LLC*, 904 F.3d 1197 (11th Cir. 2018)). Given that the Court may allow the parties leave to amend "when justice so requires", the Court overrules Defendants' objection to allow Plaintiffs to provide more specific allegations concerning Mood Media's representation. *See* Fed. R. Civ. P. 15(a)(2).

Having carefully reviewed Defendants' Motion to Dismiss, [ECF No. 148]; Plaintiffs' Responses in Opposition, *see* [ECF No. 162]; Defendants' Reply in Support, [ECF No. 179];

Magistrate Judge Edwin A. Torres's Report and Recommendation, [ECF No. 197] ("Report"); Objections filed in response to the Report, *see* [ECF Nos. 204–06]; Plaintiffs' Reply, [ECF No. 208]; the factual record and applicable law; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 197], is **AFFIRMED AND ADOPTED**.

2. Defendants' Motion to Dismiss, [ECF No. 148], is **GRANTED IN PART** and **DENIED IN PART**.

3. Count VIII of Plaintiffs' Second Amended Complaint, [ECF No. 82], alleging common law fraud as to Defendants Stingray and Mood Media is **DISMISSED** *without prejudice and with leave to refile*. Plaintiff is directed to file a Third Amended Complaint specifying allegations of common law fraud consistent with the Report and Recommendation and this Order by **April 9, 2025**.

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**