IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-21226-RAR

DR. EDWIN A. HERNANDEZ and
EGLA CORP.,

   *Plaintiffs*,

v.

STINGRAY GROUP, INC. f/k/a
STINGRAY DIGITAL GROUP, INC.,
STINGRAY MUSIC USA, INC.,
MOOD MEDIA LLC f/k/a MOOD
MEDIA CORPORATION, AT&T
ENTERPRISES, LLC f/k/a AT&T
CORP., MILLICOM
INTERNATIONAL SERVICES, LLC,
and BLUE STREAM
COMMUNICATIONS, LLC dba
BLUE STREAM FIBER,

   *Defendants*.

**JURY TRIAL DEMANDED**

## DEFENDANTS STINGRAY GROUP, INC. AND STINGRAY MUSIC USA, INC.'S STIPULATION REGARDING THE DEFENSE OF PATENT INVALIDITY

Defendants Stingray Group, Inc. and Stingray Music USA, Inc. submit this stipulation relating to the defense of patent invalidity.

On December 20, 2024, Stingray Group, Inc. and Stingray Music USA, Inc. (collectively, "Petitioners") filed petition number IPR2025-00349 with the Patent Trial and Appeal Board ("PTAB") requesting *inter partes* review ("IPR") of U.S. Patent No. 10,123,074 (the "'074 Patent"); on December 20, 2024, Petitioners filed petition number IPR2025-00350 with the PTAB requesting IPR of U.S. Patent No. 10,524,002 (the "'002 Patent"); and on December 23, 2024,

1

Petitioners filed petition number IPR2025-00351 with the PTAB requesting IPR of U.S. Patent No. 11,140,441 (the "'441 Patent") (collectively "Petitions").

The Petitions assert the following grounds of invalidity:

| Petition | Patent | Ground | Claim(s) | Statute |
|---|---|---|---|---|
| IPR2025-00349 | 10,123,074 | 1 | 1-6, 8, 9, 12-15, 17, 18, 20 | 35 U.S.C. § 102 |
| | | 2 | 5 | 35 U.S.C. § 103 |
| | | 3 | 6 | 35 U.S.C. § 103 |
| | | 4 | 7 | 35 U.S.C. § 103 |
| | | 5 | 10, 11, 21 | 35 U.S.C. § 103 |
| | | 6 | 16 | 35 U.S.C. § 103 |
| | | 7 | 19 | 35 U.S.C. § 103 |
| | | 8 | 20 | 35 U.S.C. § 103 |
| | | 9 | 20 | 35 U.S.C. § 103 |
| IPR2025-00350 | 10,524,002 | 1 | 1-6, 13 | 35 U.S.C. § 103 |
| | | 2 | 1-6, 13 | 35 U.S.C. § 103 |
| | | 3 | 7-9, 11-12 | 35 U.S.C. § 102 |
| | | 4 | 10 | 35 U.S.C. § 103 |
| IPR2025-00351 | 11,140,441 | 1 | 1, 7 | 35 U.S.C. § 102 |
| | | 2 | 1, 2 | 35 U.S.C. § 103 |
| | | 3 | 3 | 35 U.S.C. § 103 |
| | | 4 | 4, 5, 8 | 35 U.S.C. § 103 |
| | | 5 | 6, 9 | 35 U.S.C. § 103 |
| | | 6 | 10-16, 18-23 | 35 U.S.C. § 103 |
| | | 7 | 15 | 35 U.S.C. § 103 |
| | | 8 | 16 | 35 U.S.C. § 103 |
| | | 9 | 17 | 35 U.S.C. § 103 |
| | | 10 | 24 | 35 U.S.C. § 103 |
| | | 11 | 25 | 35 U.S.C. § 103 |
| | | 12 | 26 | 35 U.S.C. § 102 |
| | | 13 | 26 | 35 U.S.C. § 103 |

For purposes of responding to Patent Owner's request for discretionary denial of the Petitions before the PTAB, Stingray Group, Inc. hereby stipulates that if the PTAB institutes IPR IPR2025-00349, IPR2025-00350, and/or IPR2025-00351, then Stingray Group, Inc. will not pursue in this case the specific grounds identified above in connection with the referenced patent(s) and claim(s) as originally issued on the instituted IPR petition, or on any other ground for a given patent for which the Board institutes that was raised or could have been reasonably raised in the

IPR (*i.e.*, any ground that could be raised under 35 U.S.C. §§ 102 or 103 solely on the basis of prior art patents or publications).

This stipulation is not intended, and should not be construed, to limit Stingray Group, Inc.'s ability to assert invalidity of the asserted claims of the '074 Patent, the '002 Patent, and the '441 Patent in this case on any other ground regardless of whether an IPR is instituted.

Additionally, although Stingray Music USA, Inc. is not accused in this case of infringing any of the Asserted Patents (and therefore is not raising any defense of patent invalidity), to the extent Plaintiffs amend their complaint to assert claims of patent infringement against Stingray Music USA, Inc.—and are permitted by the Court to pursue those claims over any challenge to venue—Stingray Music USA, Inc. will make the same stipulation as above.

|  |  |
|---|---|
| Dated: April 11, 2025 | Respectfully submitted,<br>/s/ Allison Henry<br>Jorge Mestre<br>jmestre@riveromestre.com<br>Florida Bar No. 88145<br>Allison Henry<br>ahenry@riveromestre.com<br>Florida Bar No. 1003008<br>**RIVERO MESTRE LLP**<br>2525 Ponce de Leon Boulevard, Suite 1000<br>Miami, Florida 33134<br>Telephone: (305) 445-2500<br>Facsimile: (305) 445-2505<br><br>Demetrios Anaipakos *(pro hac vice)*<br>Texas Bar No. 00793258<br>danaipakos@aatriallaw.com<br>Amir H. Alavi *(pro hac vice)*<br>Texas Bar No. 00793239<br>aalavi@aatriallaw.com<br>Michael McBride *(pro hac vice)*<br>Texas Bar No. 24065700<br>mmcbride@aatriallaw.com<br>Steven Jugle *(pro hac vice)* |

>Texas Bar No. 24083280
>sjugle@aatriallaw.com
>**ALAVI & ANAIPAKOS PLLC**
>609 Main Street, Suite 3200
>Houston, Texas 77002
>Telephone:  (713) 751-2362
>Facsimile:  (713) 751-2341
>
>*Counsel for Defendant Stingray Group Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules 5.2(a) on April 11, 2025. As such, this document was served on all counsel of record pursuant to Local Rules 5.2(a) and the Federal Rules of Civil Procedure.

>/s/ Allison Henry
>Allison Henry