## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 1:24-cv-21226-RUIZ/TORRES

**DR. EDWIN A. HERNANDEZ, and EGLA CORP.,**

                                       JURY TRIAL DEMANDED

      *Plaintiffs,*

  v.

**STINGRAY GROUP INC. f/k/a STINGRAY DIGITAL GROUP, INC., STINGRAY MUSIC USA, INC., MOOD MEDIA LLC f/k/a MOOD MEDIA CORPORATION, AT&T ENTERPRISES, LLC f/k/a AT&T Corp., MILLICOM INTERNATIONAL SERVICES, LLC, BLUE STREAM COMMUNICATIONS, LLC dba BLUE STREAM FIBER, and DOES 1-100,**

      *Defendants.*

_____/

### AT&T ENTERPRISES, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendant AT&T Enterprises, LLC ("AT&T"), by and through its undersigned counsel, and hereby submits its Answer and Defenses to the Third Amended Complaint filed by Plaintiffs Dr. Edwin A. Hernandez and EGLA Corp. (collectively "Plaintiffs"), as follows.

### INTRODUCTION

1.     To the extent this allegation is directed to AT&T, it denies that it was engaged in any theft of Plaintiffs' proprietary technologies.  Otherwise, AT&T lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 1 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

2.     AT&T admits that copies of U.S. Patent Nos. 10,127,074, 10,524,002 and 11,140,441 are attached to Plaintiffs' Third Amended Complaint as Exhibits 1-3.  To the extent this allegation is directed to AT&T, it denies that it was engaged in any theft of Plaintiffs' proprietary technologies.  Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

3.     The allegations in Paragraph 3 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

4.     To the extent this allegation is directed to AT&T, it denies that it was engaged in any theft of Plaintiffs' proprietary technologies.  AT&T otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

5.     AT&T denies that it has infringed any of Plaintiffs' patents.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 5 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## **BACKGROUND**

6.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

7.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

8.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

9.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

10.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

11.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

12.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

13.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

14.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

15.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

16.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

17.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

18.     AT&T denies that it has infringed any of Plaintiffs' patents.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## **PARTIES**

19.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

20.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

21.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

22.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

23.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

24.      AT&T denies the allegations in paragraph 24 of Plaintiffs' Third Amended Complaint.

25.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

26.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

27.      AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## JURISDICTION AND VENUE

28.      AT&T admits the allegations in paragraph 28 of Plaintiffs' Third Amended Complaint.

29.     AT&T admits that the Court has subject matter jurisdiction over claims for patent infringement.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

30.     AT&T does not contest personal jurisdiction or venue for the specific purposes of this case.  AT&T denies that it has infringed any of Plaintiffs' patents.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     Dr. Hernandez's Background**

31.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

32.     AT&T admits that Dr. Hernandez has licensed patents through the company Mobility Workx, LLC.  AT&T otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

33.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

34.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

35.     AT&T admits that the Asserted Patents include 94 claims.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

36.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**B.      Dr. Hernandez's Development of his Proprietary Technology, Including his Trade Secrets**

37.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

38.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

39.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

40.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

41.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

42.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

43.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

44.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

45.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

46.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

47.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

48.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 48 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

49.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

50.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

51.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

52.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

53.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

54.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

### C.     **Mood Media Induces Dr. Edwin Hernandez to Disclose its Trade Secrets to Stingray with a Fraudulent Agreement**

55.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

56.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

57.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 57 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

58.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 58 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

59.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 59 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

60.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

61.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 61 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

62.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 62 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

63.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 63 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

64.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

65.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

66.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

67.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

68.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

69.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

70.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

71.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

72.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 72 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

73.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

74.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

### D.     Dr. Hernandez Discovers Theft of his Intellectual Property in April 2021

75.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

76.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

77.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

78.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

79.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

80.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

81.     AT&T states that the document referenced in paragraph 81 of Plaintiffs' Third Amended Complaint speaks for itself.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 81 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

82.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

83.     AT&T states that the document referenced in paragraph 83 of Plaintiffs' Third Amended Complaint speaks for itself.  Further, AT&T admits that Stingray was available with U-verse prior to 2021, at which time U-verse was divested.  AT&T otherwise lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 83 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**E.**  **Dr. Hernandez's Offer to License his Patented Technology to Stingray**

84.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

85.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

86.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

87.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

88.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

89.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

90.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**F.**   **Stingray Misappropriation of Dr. Hernandez's Trade Secrets**

91.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

92.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

93.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

94.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

95.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

96.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

97.   AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

98.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

99.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

100.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

101.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

102.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

103.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

104.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

105.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

106.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

107.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**G.     Dr. Hernandez's Asserted Patents**

108.     AT&T denies that it has infringed any claim of the patents-in-suit.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 108 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

109.     AT&T admits that the face of the '074 Patent states that it issued on November 8, 2018, and is entitled "Method, system, and apparatus for multimedia content delivery to cable TV and satellite operators."  AT&T also states that a copy of the '074 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 1.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 109 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

110.     AT&T admits that the face of the '002 Patent states that it issued on December 31, 2019, and is entitled "Method, system, and apparatus for multimedia content delivery to cable TV and satellite operators."  AT&T also states that a copy of the '002 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 2.  AT&T lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations in paragraph 110 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

111.    AT&T admits that the face of the '441 Patent states that it issued on October 5, 2021, and is entitled "Method, system, and apparatus for multimedia content delivery to cable TV and satellite operators." AT&T also states that a copy of the '441 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 3. AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 111 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

112.    AT&T states that a copy of the '490 patent application is attached to Plaintiffs' Third Amended Complaint as Exhibit 4. AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 112 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**H.    Defendants Stingray, AT&T and Millicom's Use of the Patented Technology**

113.    AT&T denies that it has infringed any of Plaintiffs' patents. AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

114.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

115.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

116.     AT&T denies that it has offered the "AT&T U-verse®" product or service since August 2, 2021. AT&T lacks knowledge or information sufficient to form a belief about the truth

18

of the allegations in paragraph 116 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

117.     AT&T states that the documents referenced in paragraph 117 of Plaintiffs' Third Amended Complaint speak for themselves.  AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 117 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## I.     **Stingray Made Over $2B in Revenues From 2014-2023 and Derived From Dr. Hernandez's Trade Secrets and Patented Technology**

118.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

119.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

120.     AT&T denies that it is a customer or has been a customer of Stingray since the 2021 divestiture AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

121.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

122.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 122 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## FIRST CAUSE OF ACTION
## Violation of Defend Trade Secrets Act 18 U.S.C. § 1836 et seq.
## (Against Stingray and Mood Media)

123.    No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

124.    The allegations in Paragraph 124 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 124 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

125.    The allegations in Paragraph 125 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 125 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

126.    The allegations in Paragraph 126 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

127.    The allegations in Paragraph 127 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

128.    The allegations in Paragraph 128 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 128 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

129.     The allegations in Paragraph 129 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

130.     The allegations in Paragraph 130 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 130 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

131.     The allegations in Paragraph 131 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 131 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## SECOND CAUSE OF ACTION
## Violation of Florida Uniform Trade Secret Act, Fla. Stat. § 688 et seq.
## (Against Stingray and Mood Media)

132.     No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

133.     The allegations in Paragraph 133 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 133 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

134.     The allegations in Paragraph 134 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 134 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

135.     The allegations in Paragraph 135 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

136.     The allegations in Paragraph 136 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 136 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

137.     The allegations in Paragraph 137 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 137 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

138.     The allegations in Paragraph 138 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

139.     The allegations in Paragraph 139 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 139 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

140.     The allegations in Paragraph 140 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

141.     The allegations in Paragraph 141 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**THIRD CAUSE OF ACTION**
**Infringement of Patent No. 10,123,074 (Against all Defendants, except Stingray Music and Mood Media)**

142.     No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

143.     AT&T admits that a copy of the '074 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 1.

144.     AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

145.     AT&T denies the allegations in paragraph 145 of Plaintiffs' Third Amended Complaint.

146.     To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 146 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 146 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

147.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 147 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 147 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

148.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 148 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 148 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

149.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 149 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 149 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

150.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 150 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 150 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

151.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 151 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 151 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

152.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 152 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 152 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

153.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 153 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 153 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

154.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 154 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 154 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

155.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 155 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 155 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

156.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 156 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 156 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

157.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 157 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 157 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**FOURTH CAUSE OF ACTION**
**Infringement of Patent No. 10,524,002 (Against all Defendants, except Stingray Music and Mood Media)**

158.    No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

159.    AT&T admits that a copy of the '002 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 2.

160.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 160 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

161.    AT&T denies the allegations in paragraph 161 of Plaintiffs' Third Amended Complaint.

162.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 157 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 157 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

163.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 163 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 163 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

164.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 164 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 164 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

165.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 165 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 165 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

166.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 166 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 166 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

167.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 167 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 167 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

168.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 168 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 168 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

169.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 169 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 169 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

170.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 170 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 170 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

171.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 171 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 171 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

172.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 172 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 172 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

173.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 173 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 173 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

**FIFTH CAUSE OF ACTION**
**Infringement of Patent No. 11,140,441 (Against all Defendants, except Stingray Music and Mood Media)**

174.    No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

175.    AT&T admits that a copy of the '441 Patent is attached to Plaintiffs' Third Amended Complaint as Exhibit 3.

176.    AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 176 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

177.    AT&T denies the allegations in paragraph 177 of Plaintiffs' Third Amended Complaint.

178.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 178 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 178 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

179.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 179 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 179 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

180.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 180 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 180 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

181.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 181 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 181 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

182.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 182 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 182 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

183.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 183 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 183 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

184.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 184 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 184 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

185.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 185 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 185 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

186.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 186 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 186 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

187.    To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 187 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 187 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

188.     To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 188 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 188 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

189.     To the extent the allegations are directed to AT&T, AT&T denies the allegations in paragraph 189 of Plaintiffs' Third Amended Complaint. Otherwise, AT&T lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 189 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## SIXTH CAUSE OF ACTION
### Breach of Contract (Against Mood Media)

190.     No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

191.     The allegations in Paragraph 191 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

192.     The allegations in Paragraph 192 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

193.     The allegations in Paragraph 193 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a

belief about the truth of the allegations in paragraph 193 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

194.    The allegations in Paragraph 194 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 194 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

195.    The allegations in Paragraph 195 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

196.    The allegations in Paragraph 196 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

197.    The allegations in Paragraph 197 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

198.    The allegations in Paragraph 198 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 198 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

199.    The allegations in Paragraph 199 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

200.    The allegations in Paragraph 200 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

201.    The allegations in Paragraph 201 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 201 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

202.    The allegations in Paragraph 202 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 202 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

203.    The allegations in Paragraph 203 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 203 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

## SEVENTH CAUSE OF ACTION
### Unjust Enrichment (Against Stingray and Mood Media)

204.    No response is required to Plaintiffs' reference and incorporation of the foregoing paragraphs.  To the extent a response is deemed required, AT&T repeats and incorporates by reference its answers to paragraph 1-122, as set forth above.

205.    The allegations in Paragraph 205 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

206.    The allegations in Paragraph 206 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

207.    The allegations in Paragraph 207 are not directed to AT&T and do not require a response from AT&T.  Nevertheless, AT&T lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207 of Plaintiffs' Third Amended Complaint and, on that basis, denies them.

AT&T denies all allegations not specifically admitted above.

## JURY DEMAND

AT&T admits that the Complaint sets forth a demand for a trial by jury.  AT&T likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

To the extent Plaintiffs' Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, AT&T denies each and every allegation.  Specifically, AT&T denies that Plaintiff is entitled to any such relief.  AT&T further denies that any conduct on its part subjects AT&T or its other related entities to liability for damages, enhanced damages under 35 U.S.C. § 284, attorneys' fees and costs under 35 U.S.C. § 285, pre-judgment or post-judgment interest, reimbursement of costs, or any other form of relief.  AT&T asks that the Court dismiss the Complaint with prejudice.

## RESERVATION OF RIGHTS

AT&T is investigating the facts relating to the procurement of the patents-in-suit and the assertion of infringement against AT&T and will continue to do so throughout the discovery process.  To the extent that this investigation reveals any improprieties in connection with such matters, AT&T reserves the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

AT&T further reserves the right to amend its Answer to add additional Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including, but not limited to, instances of inequitable conduct and/or patent misuse) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that AT&T has the burden of proving the matter asserted.

## ADDITIONAL DEFENSES

Further answering Plaintiffs' Complaint and as additional defenses thereto, AT&T states the following affirmative and other defenses, without admitting any allegations of the Complaint and without altering any burdens of proof otherwise applicable at law or equity.

**First Defense – No Infringement**

1.     AT&T does not infringe, and has not infringed, directly or indirectly any valid and enforceable claim of the Patents-in-Suit, in any manner including under any section of 35 U.S.C. § 271, either literally or under the doctrine of equivalents, willfully or otherwise, or alone or jointly with any other entity. AT&T has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

2.     AT&T does not indirectly infringe any asserted claim and, in particular, does not induce any third party to perform all of the required steps of any asserted method claims while using any of the accused products.

3.     AT&T has not infringed and does not infringe either literally or by the doctrine of equivalents.

4.     AT&T does not supply any substantial component that substantially contributes to infringement of any valid claim.

**Second Defense - Invalidity**

5.     The asserted claims of the Patents-in-Suit are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.,* including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, each claim is invalid in view of the references cited by the Examiner and arguments made by the Applicant during prosecution of the applications that issued as the Patents-in-Suit.  The claims of the Patents-in-Suit are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### Third Defense – Notice, Damages and Costs

6.      Plaintiffs' claims for damages are statutorily limited under 35 U.S.C. §§ 286 or 287. To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiffs' requested relief is barred, in whole or in part, for any damages arising from AT&T's alleged infringement prior to at least the date of the filing of the Complaint or otherwise limited by 35 U.S.C. § 286.

7.      Plaintiff is further barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### Fourth Defense – Estoppel, License and/or Exhaustion

8.      Plaintiffs' claims of infringement against AT&T regarding the Patents-In-Suit are barred, and the patents are unenforceable against AT&T, due to the doctrines of license, waiver, estoppel, acquiescence, waiver, laches, unclean hands, exhaustion, and/or other equitable defenses

9.      For example, Plaintiffs' claims of infringement against AT&T for patent infringement under 35 U.S.C. § 271, are barred, in whole or in part, because Plaintiffs granted AT&T an implied license to the Patents-in-Suit.

### Fifth Defense – Failure to State a Claim

10.     The Complaint fails to state a claim upon which relief can be granted.

### Sixth Defense – Prosecution History Estoppel

11.     Plaintiffs' claims are barred by the doctrine of prosecution history estoppel based on statements, representations, concessions, and admissions made during the prosecution of the patent applications resulting in the Patents-In-Suit before the United States Patent and Trademark Office and/or during the prosecution of related patent applications.

**Seventh Defense – Lack of Standing**

12.     To the extent Plaintiffs (individually or collectively) are not the proper and actual owners of the Patents-in-Suit, they lack standing to bring the present action.

**Eighth Defense – Inequitable Conduct**

13.     Plaintiffs' causes of action for patent infringement are barred, in whole or in part, due to Plaintiffs' inequitable conduct in prosecuting the Asserted Patents before the U.S. Patent and Trademark Office.

**Ninth Defense – No Injunctive Relief**

14.     Plaintiffs are not entitled to an injunction against AT&T under any theory because Plaintiffs have not and will not suffer immediate or irreparable harm, Plaintiffs do not practice the Patents-in-Suit and do not compete with AT&T, Plaintiffs are not without an adequate remedy at law, and public policy concerns weigh against any equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, AT&T prays for relief as follows:

a.     A judgment dismissing Plaintiffs' Complaint with prejudice;

b.     A judgment in favor of AT&T on all of its Defenses;

c.     A judgment that AT&T has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

d.     A judgment that the Patents-in-Suit are invalid;

e.     A judgment that the Patents-in-Suit are unenforceable;

f.     An award to AT&T of its fees and expenses of litigation;

g.     A judgment limiting or barring Plaintiffs' ability to enforce the Patents-in-Suit in equity; and

h.    Such other and further relief as this Court may deem just and proper.

Dated:  April 23, 2025                      Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr.
hwgurland@duanemorris.com
201 S Biscayne Boulevard Suite 3400
Miami, Florida 33131
Telephone: (305) 960-2214
Facsimile: (305) 397-1874
*/s/ Matthew S. Yungwirth*
Matthew S. Yungwirth (admitted *pro hac vice*)
msyungwirth@duanemorris.com
Alice E. Snedeker (admitted *pro hac vice*)
aesnedeker@duanemorris.com
1075 Peachtree Street NE, Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 253-6900
Facsimile: (404) 253-6901

*Counsel for Defendant*
*AT&T Enterprises, LLC*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rule 5.2(a) on April 23, 2025. As such, this document was served on all counsel of record pursuant to Local Rules 5.2(a) and the Federal Rules of Civil Procedure.

*/s/ Harvey W. Gurland, Jr.*
Harvey W. Gurland, Jr.