IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:24-cv-21226-RAR

DR. EDWIN A. HERNANDEZ and
EGLA CORP.,

    *Plaintiffs*,

v.

STINGRAY GROUP, INC. f/k/a STINGRAY DIGITAL GROUP, INC., STINGRAY MUSIC USA, INC., MOOD MEDIA LLC f/k/a MOOD MEDIA CORPORATION, AT&T ENTERPRISES, LLC f/k/a AT&T CORP., MILLICOM INTERNATIONAL SERVICES, LLC, and BLUE STREAM COMMUNICATIONS, LLC dba BLUE STREAM FIBER,

    *Defendants*.

**Jury Trial Demanded**

## DEFENDANT STINGRAY GROUP, INC.'S MOTION FOR HEARING

Defendant Stingray Group, Inc. ("Stingray") by and through undersigned counsel, and pursuant to this Court's Order Setting Discovery Procedures, identifies the following issue(s) to be heard during the discovery hearing scheduled for Thursday May 15, 2025 at 10:30 AM ET in person at the James Lawrence King Federal Justice Building, 99 N.E. Fourth Street, Tenth Floor, Courtroom Five, Miami, Florida 33132, and sets forth the substance of the discovery matters to be heard and the status of the parties' pre-filing efforts to resolve these issues:

1. **Plaintiffs' Deficient Response Stingray Group's Interrogatory No. 6.**

On February 20, 2025, Stingray served its Interrogatory No. 6 on Plaintiffs, seeking a

1

disclosure of Plaintiffs' infringement theories for each asserted claim from the three Asserted Patents. Specifically, Interrogatory No. 6 requested:

> For each Allegedly Infringing Product identified in response to Interrogatory No. 5, **_identify the corresponding functionality and the corresponding source code (by file name and line number)_** that You contend satisfies each claim element of each corresponding Asserted Claim; whether such identified functionality and source code satisfies the corresponding claim element literally or under the Doctrine of Equivalents; and identify all documents referencing or relating to such contention.

On March 31, 2025, Plaintiffs served their initial response to Interrogatory No. 6, stating:

> Stingray has **not yet produced its source code or technical information** regarding the operation of the Infringing Instrumentality. Based on information available to him, Dr. Hernandez identified the functionality of the Infringing Instrumentality in the infringement claim charts provided in its complaint. See Dkt. 82-25, 82-26 and 82-27. As set forth in its infringement claim charts, the identified functionality satisfies the corresponding claim element both literally and under the doctrine of equivalents.

On April 1, 2025, Stingray sent a letter to Plaintiffs identifying deficiencies in their response and in the referenced claim charts from the Complaint. As stated in that letter:

> Contrary to Plaintiffs' Response for this interrogatory, the claim charts accompanying Plaintiffs' Complaint fail to provide any identification of the functionality that allegedly corresponds to the asserted claims. For example, Plaintiffs' charts **fail to identify any "rendering [of] a web page," any "browser" used to render any web page, any "sequence of screen captures," any "dynamic change" illustrated by any adjacent screen captures, or any creation of a "custom HTML user interface that includes video,"** to name a few examples.

Importantly, during prosecution of the Asserted Patents, Plaintiffs amended their claims to add these limitations in order to overcome the Examiner's rejection, calling these limitations an important distinction over the prior art. As this Court observed in its Order Denying Plaintiffs' Motion for Preliminary Injunction, "given the limitations included in Plaintiffs' patent applications to get past cited prior art, there are substantial questions whether the claims of the patents can be read onto Stingray's use of its on-screen enhancement technology." See Dkt. 202 at 14. As a

2

result, Plaintiffs' disclosure of how they believe the accused OSE2 product allegedly maps to these limitations is critical to Stingray's defense.

On April 7, 2025, Plaintiffs agreed to supplement their response to Interrogatory No. 6 to cure these deficiencies, stating that "Plaintiffs will agree to a date for supplementation *once dates are confirmed for Plaintiffs' experts to review and analyze Stingray's source code*."

On April 14, 2025, Plaintiffs began their review of Stingray's source code and agreed to provide a corresponding supplement to Interrogatory No. 6 by April 29, 2025. Over the course of his review, Plaintiffs' source code expert, Mr. Michael Howard, designated 30 pages of Stingray's source code for printing under the Protective Order, and these 30 pages were sent to Plaintiffs on April 23, 2025, in advance of the agreed supplementation date.

On April 29, 2025, Plaintiffs served their supplemental Response to Interrogatory No. 6. Despite inspecting Stingray's source code and receiving paper copies of the specific portions of the OSE2 source code that they requested for printing, Plaintiffs *did not identify or cite any of Stingray's source code* as practicing any claim element. Indeed, Plaintiffs' counsel confirmed to Defendants that Plaintiffs' supplemental response *"does not contain anything that Defendants produced as Attorney's Eyes Only or Confidential"* in this case. Not only does Plaintiffs' supplementation disregard the Parties' agreement, but there is no reason why this response could not have been served back on March 31, 2025, before any source code inspection.

Plaintiffs' inability to map key claim limitations to Stingray's own OSE2 source code—including to the source code that Plaintiffs' own expert designated for printing—is not only prejudicial but strongly suggests that Plaintiffs lack a factual basis for pursuing their patent infringement claims. Indeed, Plaintiffs have not even stated whether they believe the printed source code satisfies (or does not satisfy) any claim limitations from the Asserted Patents, leaving Stingray entirely in the dark as to Plaintiffs' infringement theory.

3

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to S.D. Fla. L. R. 7.1(a)(3), counsel for Stingray has conferred with Plaintiffs' counsel regarding Interrogatory No. 6 through letters sent on April 2nd, by telephone on April 3rd, and through numerous subsequent emails spanning from April 7th to April 30th in a good faith effort to resolve the issues, but were unsuccessful.

The parties have been attempting in good faith to find a mutually agreeable date to hear these matters but have been unable to do so. Plaintiffs' counsel stated that their local counsel, Mr. Elio Martinez, will be in Orlando on May 15, 2025, and requested that any hearing be delayed until May 22, 2025. However, in attempting to accommodate this request, we understand from the Court that it is not available on May 22, 2025 (or on May 8, 2025). Similarly, Stingray's counsel, Mr. Michael McBride (who will be presenting this issue at the hearing), is unavailable the following week on May 29, 2025, and most of Stingray's remaining counsel is set for trial in a separate case starting on May 19, 2025, further complicating the ability to accommodate everyone's schedules. Although it is perfectly understandable why Plaintiffs would want Mr. Martinez to be able to attend the hearing, Stingray respectfully notes that Mr. Martinez has not been involved in any of the emails or conferences on the parties' discovery issues. Given that Plaintiffs' national counsel at JMBM—who have been actively handling this discovery dispute—are available on May 15, 2025, Stingray respectfully requests a discovery hearing on that date and defers to the Court's judgment on how best to balance each side's scheduling concerns. In the event the Court grants Stingray's request, Stingray is unopposed to any accommodation, including a hearing by Zoom or telephone, that would help assist Mr. Martinez's participation from Orlando.

|  |  |
|---|---|
| Dated: May 2, 2025 | Respectfully submitted, |
|  | */s/ Allison Henry* <br> Jorge Mestre <br> jmestre@riveromestre.com <br> Florida Bar No. 88145 <br> Allison Henry <br> ahenry@riveromestre.com <br> Florida Bar No. 1003008 <br> **RIVERO MESTRE LLP** <br> 2525 Ponce de Leon Boulevard, Suite 1000 <br> Miami, Florida 33134 <br> Telephone: (305) 445-2500 <br> Facsimile: (305) 445-2505 |
|  | */s/ Demetrios Anaipakos* <br> Demetrios Anaipakos *(pro hac vice)* <br> Texas Bar No. 00793258 <br> danaipakos@aatriallaw.com <br> Amir H. Alavi *(pro hac vice)* <br> Texas Bar No. 00793239 <br> aalavi@aatriallaw.com <br> Michael McBride *(pro hac vice)* <br> Texas Bar No. 24065700 <br> mmcbride@aatriallaw.com <br> Steven Jugle *(pro hac vice)* <br> Texas Bar No. 24083280 <br> sjugle@aatriallaw.com <br> Masood Anjom *(pro hac vice)* <br> Texas Bar No. 24055107 <br> manjom@aatriallaw.com <br> Justin Chen *(pro hac vice)* <br> Texas Bar No. 24074024 <br> jchen@aatriallaw.com <br> Connie Flores Jones *(pro hac vice)* <br> Texas Bar No. 00793736 <br> cfloresjones@aatriallaw.com <br> **ALAVI & ANAIPAKOS PLLC** <br> 609 Main Street, Suite 3200 <br> Houston, Texas 77002 <br> Telephone:  (713) 751-2362 <br> Facsimile:  (713) 751-2341 |
|  | *Counsel for Defendant Stingray Group Inc.* |

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules 5.2(a) on May 2, 2025. As such, this document was served on all counsel of record pursuant to Local Rules 5.2(a) and the Federal Rules of Civil Procedure.

                */s/ Allison Henry*
                Allison Henry