UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21226-RUIZ/TORRES

EDWIN A. HERNANDEZ and
EGLA CORP.,

    *Plaintiffs*,

v.

STINGRAY GROUP INC., et al.,

    *Defendants*.

_____/

## OMNIBUS ORDER

This matter is before the Court's review of the record, the hearing held on pending discovery matters on June 5, 2025, as well as the pending motion for withdrawal of counsel for Plaintiff. [D.E. 266]. Based on the state of the case and the issues addressed by the parties at the June 5th hearing, it is ORDERED and ADJUDGED:

    1. The Court heard argument on the outstanding discovery issues raised by the parties at the hearing. The Court STAYS resolution of those issues pending Plaintiffs' retention of substitute counsel to represent them in this action. If counsel is retained a supplemental hearing shall be scheduled by separate Order.

    2. Plaintiffs' counsel motion for leave to withdraw [D.E. 266] is **GRANTED** for good cause shown. Upon initial review of the motion, the Court expedited a

response from Plaintiffs directly.  Plaintiffs complied with that Order and submitted a response that confirmed Plaintiffs' termination of counsel of record in the action. [D.E. 288].  Apart from identifying particular issues and disputes with now former counsel, Plaintiffs also requested that the Court certain conditions on the withdrawal based on counsel's alleged failure to comply with Plaintiffs' instructions.  There is no basis for the Court to impose any such conditions at this time.  To the extent there are any such disputes between Plaintiffs and former counsel, monetary or otherwise, they must be raised in separate proceedings.  The Court's ancillary jurisdiction over counsel at this stage only requires granting or denying the motion to withdraw. Plaintiffs confirmed in their submission that they no longer wish to have former counsel of record represent them going forward.  Based on that agreement, and the lack of opposition from Defendants, counsel has shown good cause for the Court to grant their motion to withdraw.

Accordingly, the motion to withdraw [D.E. 266] is Granted.  The law firms of Jeffer Mangels Butler & Mitchell LLP (together with its attorneys, Stanley M. Gibson, Gregory S. Cordrey, Lena Streisand and Celine Ohanian) and GrayRobinson, P.A. (together with its attorneys, Elio F. Martinez Jr. and Francesca Russo), are terminated as counsel for Plaintiffs, Dr. Edwin A. Hernandez and EGLA Corp. Counsel shall have no further obligation in this matter.

Now that counsel has been terminated, Plaintiffs are ORDERED to retain substitute counsel in the action.  Plaintiffs' submission indicated that they believed substitute counsel would be retained by June 22nd and requested time to do so.  The

2

Court will Grant that request and the notice of appearance on their behalf shall be filed by such date.  Plaintiffs are further advised, as their former counsel undoubtedly explained to them, Plaintiff EGLA Corp. cannot represent itself in the action as Federal law requires that a corporation cannot appear pro se and must be represented by counsel.  *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir. 1985); *National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 609 (11th Cir. 1985); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) ("[i]t has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.").

Plaintiffs are on notice that failure to comply with this Order may result in the entry of a motion to strike their pleadings in the action and entry of default on any pending counterclaims.

3. In light of the uncertain status of counsel for Plaintiffs and the time granted in this Order for retention of substitute counsel, any intervening deadlines in the case are STAYED pending further Order of the Court.  Any pending discovery scheduling is also Stayed.  In particular, the current deadline for payment of a mediation fee is Continued and the date of mediation will be rescheduled for a date that allows substitute counsel to adequately represent Plaintiffs' interests.  Counsel for Defendants shall promptly advise the mediator of the current state of the action.  The Court will set a status conference for this purpose as soon as practicable, which will include proposals for a rescheduled trial date for Judge Ruiz's consideration.

**DONE and ORDERED** in Chambers at Miami, Florida this 9th day of June, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge