UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21226-RUIZ/TORRES

EDWIN A. HERNANDEZ and
EGLA CORP.,

    Plaintiffs,

v.

STINGRAY GROUP INC., *et al.*,

    Defendants.

_____/

### ORDER ON DEFENDANTS' MOTION TO EXTEND STAY

This cause comes before the Court on Defendants, Stingray Music USA, Inc. ("Stingray"); AT&T Enterprises, LLC ("AT&T"); Millicom International Services, LLC ("Millicom"); and Blue Stream Communications, LLC's ("Blue Stream") (collectively, "the Movants") partially opposed Motion to Extend the Current Stay. [D.E. 299]. Plaintiffs and the non-moving Defendants, Mood Media, LLC ("Mood Media"), have filed responses [D.E. 303, 310], and the Movants have filed a reply. [D.E. 323]. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, the Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On March 10, 2025, the Honorable Rodolfo A. Ruiz II referred all pre-trial matters to the Undersigned Magistrate Judge for disposition. [D.E. 203].

1

## I. BACKGROUND

On April 24, 2025, the Court stayed this case after Plaintiffs' counsel was terminated. In the pending Motion, the Movants seek to extend that stay as to all claims, given that the Patent Trial and Appeal Board ("PTAB") has commenced an *inter partes* review of all claims of Plaintiffs' asserted patents. Alternatively, the Movants request at least a stay of Plaintiffs' patent claims.

Plaintiffs and Mood Media, meanwhile, partially oppose the Motion. They agree that the patent claims in this case (Counts 3, 4, and 5) should be stayed pending the PTAB's *inter partes* review. But they argue that as to the remaining state law claims—Counts 1 and 2 (trade-secret misappropriation), and Count 6 (breach of contract)—the stay should not be extended.

## II. ANALYSIS

We will first assess whether a stay is appropriate for the patent claims, before assessing whether Plaintiffs' state law claims should also be stayed.

### A. *Patent Claims*

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO" proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Moreover, "a number of courts reason that such stays should be liberally granted when there is a pending administrative proceeding pending before the USPTO." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *1 (M.D. Fla. May 13, 2013) (citing *Sabert Corp. v. Waldington N. Am.*, No. 06–5423, 2007 WL

2705157, at *6 (D.N.J. Sept.14, 2007)). In assessing a motion to stay, courts consider three factors: "(1) whether the stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether the stay will simplify issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Targus Int'l LLC v. Grp. III Int'l, Inc.*, No. 20-21435-CIV, 2021 WL 542675, at *2 (S.D. Fla. Jan. 8, 2021) (citing *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008)).

All parties agree that the patent claims in this case should be stayed pending the PTAB's *inter parties* review of the asserted patents. Further, the PTAB's review is not merely a possibility, as it was when the Movants initially filed a motion for stay [D.E. 184]; rather, the PTAB has already initiated its *inter parties* review.

In light of this, each relevant factor weighs in favor of a stay. That is, (1) no party will be prejudiced, as the only potentially-prejudiced party would be Plaintiffs, who agreed to the stay; (2) a stay of the patent issues could certainly simplify the issues for trial, as the *inter partes* review may obviate the need for claim construction, and perhaps the need to decide the patent claims altogether, and (3) discovery is not yet complete and trial is not yet on the horizon (and, even if this factor weighed slightly against a stay, that does not overcome the overwhelming impact of the previous two factors). *See Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-CV-3004-T-33MAP, 2014 WL 4059886, at *4 (M.D. Fla. Aug. 14, 2014) (granting motion for stay pending a potential *inter parties* review, because, the court founds, "the litigants and the Court [would otherwise] invariably expend significant time and

resources conducting discovery, engaging in claim construction and preparing for trial").

Accordingly, the Motion is granted to the extent that it seeks to stay the patent claims (Counts 3, 4, and 5) in this case. *See Targus Int'l LLC*, 2021 WL 542675, at *2 ("In sum, the Court finds that a stay may prevent unnecessary expenditure of substantial resources and that, should the PTAB render a final decision on the inter partes review, it will help streamline this case and, at a minimum, allow the parties to more effectively focus their claims."); *KPR U.S., LLC v. Lifesync Corp.*, No. 22-CV-60468-RAR, 2022 WL 4598640, at *2 (S.D. Fla. Sept. 30, 2022) (quoting *Targus*, 2021 WL 542675, at *1) (granting motion to stay pending PTAB proceedings and noting that "'[s]tays pending such reviews are granted routinely in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources'").

### B. *Non-Patent Claims*

As to the remaining, non-patent claims, Mood Media and Plaintiffs argue that each relevant factor weighs against a stay. The Movants, meanwhile, maintain that a stay of all proceedings is the most efficient and proper course of action.

#### *1. Whether a stay will simplify the issues*

As to this first factor, a stay would not serve to simplify the non-patent claims. Indeed, the trade secret and breach of contract claims do not implicate the asserted patents and are distinct from the patent claims. The patents' potential invalidity has no bearing on these state law claims. Accordingly, this factor weighs in favor of

4

denying the Motion as to the non-patent claims. *See MiMedx Grp., Inc. v. Liventa Bioscience, Inc.*, No. 1:14-CV-1178-MHC, 2015 WL 13907479, at *4 (N.D. Ga. Apr. 6, 2015) (finding that this factor weighed against a stay because, in part, "there are non-patent claims at issue in the litigation, which will be in no way affected by any IPR").

### 2. *Whether discovery is complete and a trial date set*

Typically, "'[t]he earlier the stage of proceedings, the greater the reason to grant a stay.'" *Epic Tech, LLC v. Pen-Tech Assocs., Inc.*, No. 1:20-CV-2428-MHC, 2020 WL 8258736, at *3 (N.D. Ga. Sept. 28, 2020) (quoting *Surfcast, Inc. v. Microsoft Corp.*, No. 2:21-cv-333-JDL, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014)).

Here, discovery is well underway, a trial date is set, and Mood Media has already filed a motion for summary judgment [D.E. 304] (and the Stingray Defendants seek to do the same [D.E. 328]). The case, therefore, is no longer in its infancy—indeed, the non-patent claims are potentially on the brink of disposition.

Consequently, this factor weighs in favor of denying the Motion as to the non-patent claims. *See MiMedx Grp., Inc. v. Liventa Bioscience, Inc.*, No. 1:14-CV-1178-MHC, 2015 WL 13907479, at *3 (N.D. Ga. Apr. 6, 2015) (finding this factor weighed against a stay because "this case is not in its initial stages and a significant portion of discovery has been served and briefs have been filed"); *Cooper-Levy v. City of Miami*, No. 22-CV-21939, 2023 WL 4105531, at *2 (S.D. Fla. June 21, 2023) (finding this factor weighed against a stay because the case was in an "advanced litigation posture").

### *3. Whether any party is prejudiced*

Next, we assess prejudice. Crucially, Mood Media: (1) is a defendant to only the non-patent claims, and (2) has already filed a motion for summary judgment. To stay all claims, then, would heavily prejudice Mood Media. They are a party to this case only because of the state law claims, and are actively seeking expedient disposition.

As Mood Media points out, Mood Media is entitled to a timely resolution of this case, and "the case is now at a stage where Mood Media can seek judgment as a matter of law and be awarded its' attorneys fees." [D.E. 303 at 2]. The Movants have not provided a persuasive reason to delay Mood Media's efforts, considering that the patent claims have no legitimate bearing on the non-patent claims. *See ThermoLife Int'l, LLC v. Hi-Tech Pharms., Inc.*, No. 1:15-CV-00892-ELR, 2019 WL 5597311, at *3 (N.D. Ga. Sept. 9, 2019), *report and recommendation adopted*, 2019 WL 5550001 (N.D. Ga. Oct. 3, 2019)) (finding that this factor weighs in favor of a stay "[b]ecause this delay and uncertainty unduly prejudices Defendants from having their day in this Court," especially without a compelling reason justify that delay).

And the Movants' best argument against prejudice is that "[t]he merits of [Mood Media's] motion for summary judgment will not fade over the next few months …." [D.E. 323 at 2]. This is not sufficient reason for the Court to institute a stay of the non-patent claims. And further, there is no guarantee that the PTAB will finalize its review in the "next few months"; as Mood Media posits in its response, the PTAB's written decision could certainly take much longer. *See Payrange, Inc. v. Kiosoft*

*Techs., LLC*, No. 20-20970-CIV, 2020 WL 9158402, at *2 (S.D. Fla. Nov. 23, 2020) (citing *Patent Asset Licensing, LLC v. Bright House Network, LLC*, 2016 WL 4431574, at *2 (M.D. Fla. Aug. 22, 2016)) ("If the PTAB institutes an *inter partes* review, it must issue a final written decision either cancelling or upholding the claims within one year from the date of the decision to institute an *inter partes* review.")

Mood Media has provided a persuasive argument that it would face undue delay of the disposition of the state law claims (which do not hinge on the *inter pares* review), while the Movants provide no compelling reason why that delay would be justified. Thus, this factor also weighs against a stay of the non-patent claims.

### 4. Conclusion

In sum, the factors that weigh in favor of staying the patent claims simply do not translate to the distinct, non-patent claims. Further, Mood Media—a defendant to only the non-patent claims—faces undue delay if a stay is implemented. This factor, coupled with an unpersuasive showing that a stay of the non-patent claims is warranted, leads the Court to deny the Motion to the extent that it seeks to stay the non-patent claims.

### III. CONCLUSION

For the reasons set forth above, the Movants' Motion to Extend the Stay [D.E 299] is **GRANTED in part** and **DENIED in part**.

Plaintiffs' patent claims (Counts 3, 4, and 5) shall remain stayed until the PTAB issues its' *inter partes* review. At that time, the parties shall file a motion to lift the stay.

The remainder of the Motion is denied; as to Plaintiffs' non-patent claims (Counts 1, 2, and 6), the Court's scheduling order [D.E. 302] remains in full effect.

**DONE and ORDERED** in Chambers at Miami, Florida this 6th day of August, 2025.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

.