UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21226-ARTAU/TORRES

EDWIN A. HERNANDEZ and
EGLA CORP.,

    Plaintiffs,

v.

STINGRAY GROUP INC., et al.,

    Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION TO REQUIRE BOND

This cause comes before the Court on Defendant, Mood Media's Motion for the Posting of a Bond for Security of Costs. [D.E. 285]. After careful review of the briefing and relevant authorities, and for the reasons set forth below, the Motion is **DENIED**.[1]

### I.    ANALYSIS

"Federal courts ... have the inherent power to require the posting of cost bonds." *Rumbough v. Equifax Info. Servs., LLC*, 464 F. App'x 815, 817 (11th Cir. 2012). In its Motion, Mood Media relies on the factors set out by the Tenth Circuit: "(1) the merits of [the plaintiff's] claims; (2) the ability or willingness of [the plaintiff] to pay costs as awarded or agreed to; and (3) the substantial costs which are being incurred by respondents to comply with the document production." *In re Application of Michael*

---

[1] On March 10, 2025, all pretrial matters were referred to the Undersigned Magistrate Judge for disposition. [D.E. 203].

*Wilson & Partners*, No. CIVA 06CV02575MSKKMT, 2009 WL 1193874, at *8 (D. Colo. Apr. 30, 2009), *aff'd sub nom.* 2011 WL 3608037 (D. Colo. Aug. 16, 2011).

As to the first factor, Mood Media argues that the merits of Plaintiffs' claims are so dubious that Plaintiffs should be required to post a bond as security for their right to continue litigating this case. We disagree. As explained in our Report and Recommendation on Mood Media's motion for summary judgment [D.E. 350], Plaintiffs have raised a genuine dispute of fact as to all three of the claims that they have filed against Mood Media. By no means, of course, do we predict that Plaintiffs will or will not ultimately succeed. But considering Plaintiffs' claims survived a motion to dismiss and a motion for summary judgment, we certainly do not find the claims to be so without merit that a bond should be required as security.

As to the second factor, Mood Media argues that Plaintiffs, thus far, have refused to pay their share of mediation, and had trouble paying their previous counsel. But those assertions, even if supportable, are not sufficient for us to require Plaintiffs to pay a 7-figure bond for the right to litigate this case.

Next, the movants argue that they are likely to win attorneys' fees and costs. But this puts the cart before the horse. Again, Plaintiffs' claims have survived both a motion to dismiss and, pending the Undersigned's report and recommendation, a motion for summary judgment. This does not mean the claims will necessarily succeed at trial. But it does prevent us from expressing certainty that Mood Media not only will prevail on all claims, but will satisfy the "bad faith" attorneys fees standard found in both the Defend Trade Secrets Act and the Florida Uniform Trade

2

Secret Act. *See* 18 U.S.C. § 1836(b)(3)(D); Fla. Stat. § 688.05. And if the case ultimately proves to be as frivolous as Mood Media suggests, then Mood Media is still entitled to pursue its attorneys' fees. That—not a pre-judgment bond—is the proper recourse. Thus, this factor also weighs against exacting the drastic requirement of imposing a pre-judgment bond.

In sum, Plaintiffs' claims are not so frivolous that the rarely-used mechanism of requiring a security bond should be used against them. And even if there exists past evidence of non-payment, or if Mood Media's attorneys fees are higher than it would prefer, that does not weigh heavily enough to compel this drastic recourse. *See nCap Licensing, LLC v. Apple Inc.*, No. 217CV00905HCNCMR, 2020 WL 10787289, at *1 (D. Utah July 31, 2020) (denying motion for bond because, in part, "the court [could not] find that Plaintiff's claim [was] facially dubious" and "[w]eighing the relevant factors, the … imposition of a cost bond under these circumstances [was] inappropriate"); *cf. Ajuluchuku v. S. New England Sch. of L.*, No. CIVA1:05CV00446JEC, 2006 WL 2661232, at *7 (N.D. Ga. Sept. 14, 2006) (requiring "a $10,000 bond to cover the likely award of costs and attorneys' fees to the next defendant victimized by one of plaintiff's frivolous filings" where "plaintiff [wa]s a vexatious litigant whose tactics continue to consume the judiciary's scarce resources, despite the fact that plaintiff appears to have suffered no real legal wrong").

## II.   CONCLUSION

For the reasons set forth above, the Motion [D.E. 285] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 19th day of September, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge