IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:24-CV-21226-EA

DR. EDWIN A. HERNANDEZ and
EGLA CORP.,

    *Plaintiffs*,

    v.

STINGRAY GROUP INC. f/k/a
STINGRAY DIGITAL GROUP, INC.,
STINGRAY MUSIC USA, INC.,
MOOD MEDIA LLC f/k/a MOOD
MEDIA CORPORATION, AT&T
ENTERPRISES, LLC f/k/a AT&T
CORP., MILLICOM
INTERNATIONAL SERVICES, LLC,
and BLUE STREAM
COMMUNICATIONS, LLC dba
BLUE STREAM FIBER,

    *Defendants*.

**JURY TRIAL DEMANDED**

---

**DEFENDANTS STINGRAY GROUP, INC. AND STINGRAY MUSIC USA, INC.'S
OPPOSED MOTION FOR LEAVE TO FILE ADDITIONAL LIMITED BRIEFING IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT (ECF NO. 399)**

On October 5, 2025, Defendants Stingray Group Inc. and Stingray Music USA, Inc. (collectively "Stingray") moved for summary judgment on the basis that Plaintiffs' trade secret claims are time-barred under the DTSA and FUTSA. *See* Dkt. 399 at 12-20. On May 28, 2026, the Federal Circuit issued its opinion in *Insulet Corp. v. EOFlow, Inc., et al*, 176 F.4th 1347 (Fed. Cir. 2026), which not only bears directly on the applicable statutes of limitations but also reverses a district court decision previously cited by the Court in denying a separate motion in this case. *See* Dkt. 350 at 8 and Dkt. 421 (denying Defendant Mood Media's motion for summary judgment).

On June 3, 2026, Stingray filed a Note of Supplemental Authority Under L.R. 7.8, together with a copy of the *Insulet* decision. *See* Dkt. 422.

Because Plaintiffs' Complaint also asserts patent claims in this case, the Federal Circuit will have jurisdiction over any appeal under 28 U.S.C. § 1295(a)(1).  *See* Dkt. 259 at Counts 3, 4 and 5; *Chamberlain Grp., Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1189 (Fed. Cir. 2004) (holding that "Federal Circuit jurisdiction depends on whether the plaintiff's complaint as amended raises patent law issues"). The Federal Circuit analyzed cases interpreting the UTSA (upon which the FUTSA is based) in reaching its conclusions regarding the statute of limitations under the DTSA, specifically noting "the limitations period of the DTSA is 'identical to the limitations period of the UTSA.'"). *See Insulet,* 176 F.4th at 1354-55 (quoting H.R. Rep. No. 114-529, at 13 (2016)).  Because the Federal Circuit's intervening decision in *Insulet* is directly relevant to the legal standard for determining when the statute of limitations begins to run for trade secret misappropriation claims under both the DTSA and the FUTSA, good cause exists to permit Stingray to submit supplemental briefing to address *Insulet*. Therefore, Stingray respectfully requests leave to file a short memorandum of law and supplemental statement of material facts (attached as Ex. 1), under the timing provided by Local Rule 7.1(c)(1), to address *Insulet's* application to the facts of this case as follows:

- Upon the Court granting this Motion, Stingray may file a memorandum of law addressing *Insulet* not exceeding five (5) pages and an accompanying supplemental statement of material facts.

- Within fourteen (14) days of Stingray's filing, Plaintiffs may file a responsive memorandum not exceeding five (5) pages and their response to the supplemental statement of material facts.

- Within seven (7) days of Plaintiffs' responsive filing, Stingray may file a reply not exceeding three (3) pages.

- No further briefing will be permitted in accordance with Local Rule 7.1(c)(1).

Stingray respectfully submits that the requested limited briefing will best assist the Court in analyzing the current facts under the Federal Circuit's intervening decision in *Insulet*.

Dated:  June 24, 2026

Respectfully submitted,

*/s/ Taylor Diaz*
Taylor Diaz
Florida Bar No. 1040706
Jorge A. Mestre
Florida Bar No. 88145
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile:  (305) 445-2505
tdiaz@riveromestre.com
jmestre@riveromestre.com

Demetrios Anaipakos (*pro hac vice*)
Amir H. Alavi (*pro hac vice*)
Michael D. McBride (*pro hac vice*)
Steven T. Jugle (*pro hac vice*)
Masood Anjom (*pro hac vice*)
Connie Flores Jones (*pro hac vice*)
Justin Y. Chen (*pro hac vice*)
ALAVI & ANAIPAKOS PLLC
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 751-2362
Facsimile:  (713) 751-2341
danaipakos@aatriallaw.com
aalavi@aatriallaw.com
mmcbride@aatriallaw.com
sjugle@aatriallaw.com
manjom@aatriallaw.com
cfloresjones@aatriallaw.com
jchen@aatriallaw.com

*Counsel for Defendants Stingray Group, Inc.*
*and Stingray Music USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically in compliance with Local Rules 5.2(a) on June 24, 2026. As such, this document was served on all counsel of record pursuant to Local Rules 5.2(a) and the Federal Rules of Civil Procedure.

*/s/ Taylor Diaz*
Taylor Diaz


## CERTIFICATE OF CONFERENCE

I hereby certify that on June 19, 2026, and June 23, 2026, counsel for Stingray conferred via e-mail and teleconference with counsel for Plaintiffs regarding the Motion.  Based on that conference, the relief requested herein is opposed.

*/s/  Taylor Diaz*
Taylor Diaz