**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:24-cv-21226-RAR

EDWIN A. HERNANDEZ, and
EGLA CORP.,

      Plaintiff,

vs.

STINGRAY GROUP, INC, f/k/a
STINGRAY DIGITAL GROUP INC.,
STINGRAY MUSIC USA, INC.,
MOOD MEDIA LLC f/k/a
MOOD MEDIA CORPORATION,
AT&T ENTERPRISES, LLC f/k/a AT&T
CORP., MILLICOM, INTERNATIONAL
SERVICES, LLC and BLUE STREAM
COMMUNICATIONS, LLC dba
BLUE STREAM FIBER,

      Defendants.

**PLAINTIFFS' NOTICE OF FINAL WRITTEN DECISIONS AND MOTION TO LIFT
THE STAY OF THE PATENT-INFRINGEMENT COUNTS (COUNTS III–V)**

Pursuant to this Court's Order of August 6, 2025 [ECF No. 333], Plaintiffs Dr. Edwin A. Hernandez and EGLA Corp. ("Plaintiffs") respectfully move to lift the stay of the patent-infringement counts (Counts III–V). The Court did not merely permit this motion; it directed it. ECF No. 333 stayed the patent counts "until the PTAB issues its[] inter partes review," and ordered that "[a]t that time, the parties shall file a motion to lift the stay." ECF No. 333 at 7. The triggering condition has now occurred: the Patent Trial and Appeal Board ("PTAB") has issued a Final Written Decision under 35 U.S.C. § 318(a) in each of the three inter partes reviews of the Asserted

Patents, the last of which issued on June 10, 2026. True and correct copies of the Final Written Decisions are attached as Exhibits A ('074), B ('002), and C ('441).

The reviews that occasioned the stay were resolved decisively in Plaintiffs' favor. The Board confirmed the patentability of all twenty-one of the twenty-one claims of the lead patent-in-suit, U.S. Patent No. 10,123,074, and confirmed forty-five of the sixty total claims across the three Asserted Patents, each of which remains active and in full force. The sole basis for the stay—the pendency of the PTAB's review—no longer exists. Consistent with the Court's directive in ECF No. 333, the stay should be lifted and Counts III–V returned to active litigation as to all Patent Defendants.

## BACKGROUND

**A.     The asserted patents and the stayed counts.** Counts III–V allege infringement of U.S. Patent Nos. 10,123,074 (the "'074 patent"), 10,524,002 (the "'002 patent"), and 11,140,441 (the "'441 patent") (collectively, the "Asserted Patents") against Defendants Stingray Group Inc., AT&T Enterprises, LLC, Millicom International Services, LLC, and Blue Stream Communications, LLC (the "Patent Defendants").

**B.     The stay.** On April 24, 2025, the Court stayed the case. On August 6, 2025, the Court ordered that Plaintiffs' "patent claims (Counts 3, 4, and 5) shall remain stayed until the PTAB issues its[] inter partes review," and that "[a]t that time, the parties shall file a motion to lift the stay." ECF No. 333 at 7. The non-patent counts were not stayed and have continued to be litigated, including through summary judgment. Id. at 5–7.

**C.     The inter partes reviews are complete.** The inter partes reviews that occasioned the stay are complete. The PTAB instituted review of all three Asserted Patents and has now issued a Final Written Decision under 35 U.S.C. § 318(a) in each proceeding:

| Asserted Patent | IPR No. | Final Written Decision | Claims Confirmed | Claims Cancelled |
|---|---|---|---|---|
| U.S. Patent No. 10,123,074 ('074) | IPR2025-00349 | Paper 52 (May 29, 2026) | 1–21 (all 21) | None |
| U.S. Patent No. 10,524,002 ('002) | IPR2025-00350 | Paper 50 (June 10, 2026) | 1–6 and 13 (7) | 7–12 |
| U.S. Patent No. 11,140,441 ('441) | IPR2025-00351 | Paper 48 (May 28, 2026) | 10–26 (17) | 1–9 |

Each Asserted Patent emerged from review with claims confirmed, and the '074 patent's claims were confirmed in their entirety. In total, forty-five of the sixty claims across the three patents stand confirmed.

## ARGUMENT

### I.     The condition the Court set for lifting the stay has been satisfied.

ECF No. 333 tied the stay to the PTAB's review and directed the parties to move to lift the stay "[a]t that time." ECF No. 333 at 7. All three Final Written Decisions have now issued. The triggering condition is met, and the very order that imposed the stay contemplates the motion now before the Court.

### II.    The stay has served its purpose, and the case is materially narrowed.

The Court stayed the patent counts because inter partes review "could certainly simplify the issues for trial" and "may obviate the need for claim construction, and perhaps the need to decide the patent claims altogether." ECF No. 333 at 3. That simplification has now been realized. The universe of asserted claims is fixed: claims 7–12 of the '002 patent and claims 1–9 of the '441 patent have been cancelled, and the remaining asserted claims stand confirmed. Invalidity is likewise constrained. Under 35 U.S.C. § 315(e)(2), the Patent Defendants are estopped from asserting in this action any ground that was raised or reasonably could have been raised in the inter partes reviews as to the surviving claims. That estoppel is reinforced by the stipulation at ECF No.

215, by which Stingray Group, Inc. agreed not to pursue the petition grounds or any ground that "was raised or could have been reasonably raised." The case that resumes is therefore narrower and simpler than the one that was stayed.

III. **The possibility of rehearing or appeal does not justify continued stay, and Plaintiffs need not stipulate away their statutory rights as a condition of the relief the Court directed.**

The stay was keyed to the PTAB's issuance of its inter partes review, not to the exhaustion of any later rehearing or appellate proceedings. ECF No. 333 at 7. That condition is now met: a Final Written Decision under 35 U.S.C. § 318(a) has issued in each proceeding. A Final Written Decision is effective when entered, and the statutory estoppel of § 315(e)(2) attaches upon issuance of the decision, not upon the conclusion of any appeal. The theoretical possibility that a party may seek rehearing under 37 C.F.R. § 42.71(d), Director Review, or appeal under 35 U.S.C. § 141 exists after every Final Written Decision. Were that possibility alone sufficient to maintain a stay, no stay keyed to the completion of inter partes review could ever be lifted at the decision stage, and the triggering condition the Court set in ECF No. 333 would be rendered meaningless.

Conditioning the relief the Court directed on a stipulation of Plaintiffs' rehearing or appellate position would rewrite ECF No. 333. The Court conditioned the stay on the PTAB's issuance of its review—not on the exhaustion of all appeals of that review, and not on any party's waiver or advance disclosure of its appellate rights. To withhold the relief ECF No. 333 directs until Plaintiffs commit to forgo, or stipulate, their position on rehearing or appeal would impose a new and indefinite condition the Court never adopted, and would predicate court-ordered relief on a litigant's surrender of statutory rights under 35 U.S.C. §§ 141 and 319. Plaintiffs are entitled to

preserve those rights with respect to the claims the Board declined to confirm, and need not bargain them away to enforce the directive in ECF No. 333.

Nor does the prospect of an appeal counsel continued delay as a practical matter. Any appeal would proceed on the Federal Circuit's timeline and would not be resolved for a year or more, during which the asserted claims remain governed by the Final Written Decisions and the § 315(e)(2) estoppel. Maintaining the stay for that period would inflict precisely the prejudice the stay's trigger was designed to avoid, while the non-patent counts have already advanced through summary judgment. Should any Defendant believe that a future rehearing or appellate development warrants a stay, it may seek one at that time and carry its own burden under the governing standard. See Targus Int'l LLC v. Grp. III Int'l, Inc., No. 20-21435-CIV, 2021 WL 542675, at *2 (S.D. Fla. Jan. 8, 2021). The mere possibility of such proceedings does not justify continuing a stay whose triggering condition has been satisfied.

IV.   **The stay should be lifted as to all Patent Defendants, without prejudice to any separate stay request a Defendant may raise.**

ECF No. 333 directed the parties to move to lift the stay of the patent counts, and the relief Plaintiffs seek is to lift the stay of Counts III–V as to all Patent Defendants—Stingray Group Inc., AT&T Enterprises, LLC, Millicom International Services, LLC, and Blue Stream Communications, LLC—consistent with that directive. Plaintiffs recognize that an individual Defendant may wish to address its particular circumstances, including whether the counts should remain stayed as to that Defendant on a separate basis. Plaintiffs are willing to confer regarding any such request. Because any such request is distinct from the relief ECF No. 333 directs, it may be addressed by separate stipulation or motion and need not delay the lifting of the stay the Court has directed.

V.   **Scheduling is a separate matter for the Court to set; agreement on a schedule is not a prerequisite to lifting the stay.**

Plaintiffs have conferred with the Patent Defendants regarding both the lifting of the stay and a proposed schedule, and have provided a proposed scheduling framework. Agreement on a schedule, however, is not a precondition to the relief that ECF No. 333 directs. When the patent counts were stayed, claim construction had been briefed but not decided; the assigned Magistrate Judge indicated the dispute would be resolved "on the papers" and contemplated a status conference to reset the schedule, but no claim-construction ruling issued before the stay. See Apr. 24, 2025 Hr'g Tr. 92–96. Because the parties have not reached agreement on a schedule, the most efficient course is for the Court to lift the stay and set a status and scheduling conference under Federal Rule of Civil Procedure 16 to establish a new schedule—including the claim-construction posture and a new trial date, the previously contemplated trial date having passed during the stay. Because the opening expert reports on the patent counts were served before the stay, any further expert disclosures should be limited to supplemental and rebuttal reports addressed to the surviving claims and conformed to the Court's eventual claim construction.

The scope of the discovery that now resumes is already framed by this Court's findings in ECF No. 333, which are the law of the case. In staying the patent claims while declining to stay the non-patent claims, the Court found, as to the patent claims, that "discovery is not yet complete and trial is not yet on the horizon." ECF No. 333 at 3. The Court further found that the trade-secret and breach-of-contract claims "do not implicate the asserted patents and are distinct from the patent claims," id. at 4, and that the factors supporting a patent stay "simply do not translate to the distinct, non-patent claims," id. at 7. And the Court held that its scheduling order [D.E. 302]—including its discovery cutoff—"remains in full effect" only "as to Plaintiffs' non-

6

patent claims (Counts 1, 2, and 6)," id. at 8, while the patent claims were stayed. Together, these findings establish that the patent discovery was never completed, was never governed by the non-patent discovery cutoff, and is distinct from the now-closed non-patent discovery. The schedule the Court sets at the Rule 16 conference will therefore complete the patent discovery the Court has already found unfinished; it will neither reopen nor duplicate the non-patent discovery.

## CONCLUSION

Plaintiffs respectfully request that the Court lift the stay of Counts III–V as to all Patent Defendants and set a status and scheduling conference to establish a schedule for the resumed patent-infringement counts. A proposed order is submitted herewith.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that counsel for Plaintiffs has conferred in good faith with counsel for the Defendants in an effort to resolve the issues raised by this motion.

Counsel for Plaintiffs conferred with Alavi & Anaipakos PLLC (M. McBride and S. Jugle), which represents the Stingray Defendants, Millicom International Services, LLC, and Blue Stream Communications, LLC, by telephone on June 16 and June 19, 2026, and provided a proposed scheduling framework. These Defendants oppose the motion. They take the position that the stay should not be lifted unless and until Plaintiffs stipulate their position regarding any rehearing or appeal of the inter partes review decisions. Plaintiffs advised that the relief sought—compliance with the directive in ECF No. 333—is not contingent upon any such stipulation or upon the parties'

agreement to a schedule, and that Plaintiffs remain willing to continue conferring regarding a schedule.

Counsel for Plaintiffs separately conferred with counsel for AT&T Enterprises, LLC (Duane Morris LLP; A. Snedeker) on multiple occasions beginning June 19, 2026, including by email and by telephone on June 29, 2026. At AT&T's request, Plaintiffs extended the time for AT&T to state its position and, on June 25, 2026, provided AT&T with a draft of this motion, the proposed order, and Plaintiffs' proposed scheduling framework. AT&T has also inquired whether the patent counts might remain stayed as to AT&T on a separate basis, as a customer of Stingray; Plaintiffs are willing to address any such request by separate stipulation after this motion is filed, and the parties intend to continue conferring on that issue. At AT&T's request, Plaintiffs include the following statement of AT&T's position: "Plaintiffs and AT&T have been diligently meeting and conferring as to the issues raised in Plaintiffs' motion, but as a result of conflicting summer schedules, AT&T has not yet been able to provide a final position on the relief sought by Plaintiffs in their motion. AT&T anticipates being able to provide an update this week."

Plaintiffs file this motion now in compliance with the Court's directive in ECF No. 333, which directs the parties to move to lift the stay upon issuance of the PTAB's decisions and does not condition that filing on any party's position, and to avoid prejudice to Plaintiffs from further delay. AT&T retains its full opportunity to respond to this motion under the Local Rules, and its anticipated update will not be prejudiced by the filing. Having conferred in good faith, the parties have been unable to resolve the issues raised by this motion.

Dated: June 29, 2026

Respectfully submitted,

/s/ Robert L. Drolet
**Robert L. Drolet, P.E., Esq.**

Florida Bar No. 1004135
RL DROLET PATENT PROSECUTION SERVICES, PLLC
515 E. Las Olas Boulevard, Suite 1301
Fort Lauderdale, FL 33301
Tel: (954) 691-0260
rob@rldpatents.com
*Counsel for Plaintiffs Dr. Edwin A. Hernandez*
*and EGLA Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which will serve a notice of electronic filing on all counsel

of record.

/s/ Robert L. Drolet
Robert L. Drolet, P.E., Esq.